# IN THE UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

---

No. 99-31157
Summary Calendar

---

DAVISON OLOSON,

Plaintiff-Appellant,

versus

TODD LOUVIERE, Individually & in his official capacity
as Warden St. Martin Parish Correctional Center; EDDY
ROMERO, Individually & in his official capacity as ex
Warden St. Martin Parish Correctional Center; JEMIS
CONNAR, Individually & in his official capacity as
deputy St. Martin Parish Correctional Center; GLEN
BEIAVINEW, also known as Rambo Beiavinew, Individually
& in his official capacity as deputy St. Martin Parish Correctional Center;
IRBY LIVINGSTON, Individually & in his official capacity
as deputy St. Martin Parish Correctional Center; LUGY ALEXANDER,
Individually & in his official capacity as deputy St. Martin Parish
Correctional Center; JEFF RUSSO, Individually & in his
official capacity as deputy St. Martin Parish Correctional Center;
DEIVON BALTOZOR, Individually & in his official capacity
as deputy St. Martin Parish Correctional Center;
TEDDY AUVAL, Individually & in his official capacity as
deputy St. Martin Parish Correctional Center; SHELIA
LANDRY, Individually & in her official capacity as
deputy St. Martin Parish Correctional Center;
CHARLES A. FUSELIER; STEPHEN MEANARD;
PAUL ROCHIN; BUTCH DUPOIS;
EVANS WILLIAMS; MARC GUIRDY; SAMMY INSERELLA;
JOHN DOE KERVIN; PARISH OF ST. MARTIN,

Defendants-Appellees.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 96-CV-2462
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -- -
December 21, 2000

Before EMILIO M. GARZA., STEWART, and PARKER: Circuit Judges.

PER CURIAM:[*]

Before the court is the motion filed by the appellees to dismiss the appeal filed by Louisiana prisoner Davison Oloson for lack of jurisdiction. We have reviewed the record and the briefs of the parties on the issue and GRANT the appellees motion to dismiss. The district court's certification of its partial judgment as appealable pursuant to 28 U.S.C. § 1292(b) must be followed by an application in this court for permission to appeal the nonfinal judgment within ten days of the district court's § 1292(b) certification. See § 1292(b); Fed. R. App. P. 5(a); Aparicio v. Swan Lake, 643 F.2d 1109, 1111 (5th Cir. 1981). "Failure to file an application for permission to appeal from an interlocutory order . . . within the ten-day period prescribed by 28 U.S.C. § 1292(b) and Rule 5(a), Fed. R. App. P., is a jurisdictional defect that deprives the appellate court of power to entertain the appeal." Aparicio, 643 F.2d at 1111.

Because Oloson failed to file an appeal following the district court's § 1292(b) certification, this court is without jurisdiction over this interlocutory appeal. See id. The appellees' motion is GRANTED and this appeal is DISMISSED for lack of jurisdiction. Oloson can request that the district court reenter the order as certified; a new ten-day period is triggered by such reentry. See id. at 1111-12.

MOTION GRANTED; APPEAL DISMISSED.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.